UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAHMEL WILSON & DOMINICK BELFIELD<br><br>VERSUS<br><br>114 MAGAZINE OPERATING COMPANY, LLC D/B/A ST. CHRISTOPHER HOTEL | CIVIL ACTION: 20-2567 |

## COMPLAINT

1. Defendant, 114 Magazine Operating Company, LLC d/b/a St. Christopher Hotel ("St. Christopher"), failed to pay Plaintiffs, Jahmel Wilson and Dominick Belfield, appropriate overtime wages when they worked more than forty hours in a work week as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff, Jahmel Wilson, lives in Orleans Parish, State of Louisiana. Plaintiff was an employee of St. Christopher.

3. Plaintiff, Dominick Belfield, lives in Orleans Parish, State of Louisiana. Plaintiff was an employee of St. Christopher.

4. Defendant, St. Christopher, is a Louisiana limited liability company authorized to do and doing business in Orleans Parish, State of Louisiana. St. Christopher was at all times pertinent hereto subject to the FLSA and the employer of Plaintiffs.

5. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

6. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district.

7. At all times pertinent hereto, Plaintiffs, Jahmel Wilson and Dominick Belfield, were employees of St. Christopher as that term is defined in 29 U.S.C. § 203.

8. At all times pertinent hereto, St. Christopher was the employer of Plaintiffs, Jahmel Wilson and Dominick Belfield, as that term is defined in 29 U.S.C. § 203.

## STATEMENT OF FACTS

**PLAINTIFF – JAHMEL WILSON**

9. Plaintiff, Jahmel Wilson was employed by St. Christopher from approximately October 2016 through July 2020.

10. Initially, Mr. Wilson was hired as a houseman for St. Christopher. His job responsibilities included cleaning and maintaining the hotel. In December 2019, Mr. Wilson became an engineer for St. Christopher.

11. Mr. Wilson was paid $11.50 per hour while employed by St. Christopher.

12. Mr. Wilson was typically scheduled to work 5 days a week for a total of 37.5 hours during his entire employment with St. Christopher.

13. However, on numerous occasions, Mr. Wilson was told to work an additional day on any given week. This request was given by Mike Payasse, St. Christopher's chief engineer.

14. On these occasions, Mr. Wilson would be paid $100 in cash and was told not to clock in or clock out. This $100 payment was not reflected on Mr. Wilson pay records created by St. Christopher.

15. Additionally, during weeks in which Mr. Wilson would work in excess of 40 hours during his 5 day workweek schedule, St. Christopher would alter his time records to assure that he would not be paid overtime as required under the FLSA.

**PLAINTIFF – DOMINICK BELFIELD**

16. Plaintiff, Domenic Belfield was employed by St. Christopher from approximately 2017 through February 2020.

17. Initially, Mr. Belfield was hired as an engineer for St. Christopher. His job responsibilities included hotel maintenance.

18. Mr. Wilson was paid $13.00 per hour while employed by St. Christopher.

19. Mr. Wilson was typically scheduled to work 5 days a week for a total of 37.5 hours.

20. However, on numerous occasions, Mr. Wilson was told to work an additional day on any given week. This request was given by Mike Payasse, St. Christopher's chief engineer.

21. On these occasions, Mr. Belfield would be paid $100 cash and was told not to clock in or clock out. This $100 payment was not reflected on Mr. Belfield's pay records created by St. Christopher.

22. Additionally, during weeks in which Mr. Belfield would work in excess of 40 hours during his 5 day workweek schedule, St. Christopher would alter his time records to assure that he would not be paid overtime as required under the FLSA.

23. In their capacities as employees of St. Christopher, Plaintiffs often worked in excess of 40 hours per week. However, rather than being paid at a rate of 1.5 times their normal wage for all hours worked in excess of 40 hours per week, Plaintiffs were instead paid straight time, or even less thereof, in violation of the FLSA.

24. No exemption under the FLSA applies to excuse St. Christopher's failure to apply the appropriate wages.

## CAUSE OF ACTION

23. Plaintiffs incorporates the allegations in the preceding paragraphs.

24. Plaintiffs were not paid overtime wages as required by the FLSA when they worked more than 40 hours in a work week. Instead, St. Christopher paid Plaintiffs paid only straight time at an hourly rate determined by St. Christopher, or even less thereof. St. Christopher's failure to pay Plaintiffs appropriate overtime wages violated the FLSA.

25. St. Christopher's failure to pay overtime wages to Plaintiff in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the 3 years statute of limitations period applies to Plaintiffs' damages in this case.

26. Plaintiffs are entitled to overtime wages for all hours worked in excess of 40 in a work week, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action 29 U.S.C. § 216(b).

## PRAYER

27. Plaintiffs respectfully request that judgment be entered against 114 Magazine Operating Company, LLC d/b/a St. Christopher Hotel awarding them:

    a. Overtime compensation for all hours worked in excess of 40 per week at the rate of one and half times his regular rate of pay;

    b. An equal amount as liquidated damages;

    c. Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

    d. Such other and further relief as may be required by law.

Respectfully Submitted:

*/s/ Ryan P. Monsour*

_____

PRESTON L. HAYES (#29898)
RYAN P. MONSOUR (#33286)
BARRY W. SARTIN (#34075)
*HMS Law Firm*
3850 N. Causeway Blvd., Suite 590
Metairie, LA 70002
Telephone: (504) 356-0110
Facsimile: (504) 356-0112
*Counsel for Plaintiffs*